**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GREAT BOWERY INC. d/b/a "Trunk Archive"<br><br>            Plaintiff,<br>v.<br><br>VALNET, INC.,<br><br>            Defendant. | Case No. _____<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff Great Bowery Inc., d/b/a "Trunk Archive" ("Great Bowery") alleges against defendant Valnet, Inc. ("Valnet"):

**INTRODUCTION**

1. This is an action seeking damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq.* by the Defendant.

2. Defendant has used certain photographs (individually a "Photograph", and collectively, the "Photographs") on several of the Defendants' websites without permission, license, or authorization of any kind. The author(s) (individually, a "Photographer", and collectively, the "Photographers") of the Photographs have authorized Great Bowery in this matter to enforce their worldwide copyrights in the Photographs, and have assigned to Great Bowery the Photographers' rights, including the right to pursue this cause of action for infringement by the Defendant.

3. Defendant owns and operates several websites, including CBR (www.cbr.com), Collider (www.collider.com), Screenrant (www.screenrant.com), The Quiz (www.thequiz.com),

Movieweb (www.movieweb.com), Topspeed (www.topspeed.com), Hotcars (www.hotcars.com), Gamerant (www.gamerant.com), The Gamer (www.thegamer.com), The Richest (www.therichest.com), and The Things (www.thethings.com) (collectively, the "Websites").

4. Defendant, without permission, license, or authorization from the Photographer or Great Bowery, knowingly copied, reproduced, and/or displayed the Photographs on the Websites in violation of the United States copyright laws.

## PARTIES

5. Great Bowery is a Delaware corporation with a principal place of business in New York. Trunk Archive, a business name for Great Bowery, operates as a full-service licensing agency representing photographers and their worldwide rights.

6. The Photographer in this matter is Annie Leibovitz, a professional photographer who entered into agreements with Great Bowery conveying to Great Bowery the exclusive distribution, reproduction, and display rights to the Photographs.

7. Valnet is a Quebec corporation based in Montreal. Valnet operates as a "media investment company" operating a network of websites that are generally accessible to internet users in the United States and including in the State of New York. Those website attract and drive traffic, including individuals accessing Valnet's websites in the United States, to generate "views" for advertisers. In the circumstances relevant here, Valnet has repeatedly, willfully, unlawfully and without permission used the Photographs without authorization and without paying a license fee.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over these federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. Defendant is subject to the general and specific personal jurisdiction of this Court because of its extensive contacts with the State of New York. More specifically, upon information and belief, a number of Defendant's content creators reside and work in New York, create content for Defendant's Websites, and certain of these New York content creators specifically infringed works that are at issue in this lawsuit. Moreover, Defendant's many websites are accessible by all internet users in the State of New York where those users have viewed the infringing works. Moreover, based on past litigation matters, Defendant has consistently agreed that it is subject to personal jurisdiction in New York.

10. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(a) in that the claim arises in this Judicial District, and, on information and belief, Defendant and its agents reside and may be found in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.     Plaintiff's Copyright Ownership**

11. Great Bowery is a full-service photography-licensing agency representing some of the most prominent photographers and iconic images in the world.

12. Great Bowery's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

13. The Photographer is a well-known, award-winning, and sought-after artist and professional. Her works include portraits of some of the most famous personalities in the world, have appeared on the covers and pages of some of the most widely-circulated magazines and

other publications, and have been displayed in galleries and museums around the world. Many or the Photographer's works are accessible on her website, as well as on her personal social-media accounts, and in publications (in print and on the Internet).

14. Because of her prestige and credentials, the Photographer's works command premium prices in the licensing market, for advertising and editorial purposes.

15. Whenever and wherever her works appear online or elsewhere, pursuant to an appropriate license, notices appear identifying the Photographer and indicating that her works are subject to copyright protection and that all rights associated with the Photographs have been reserved. Other than the rights that have been exclusively assigned to Great Bowery, the Photographer owns the copyrights and affiliated rights in her works, including the Photographs, by virtue of having created them and never having sold or assigned any rights to them, save for the assignment to Plaintiff and any licenses for use of the Photographs.

16. The Photographer is the sole and exclusive owner of her Photographs and, other than the assignment to Plaintiff, has made no assignment or waiver of any such rights.

17. The Photographer has expended significant time, money and effort to develop her photography business and to promote her original works, including the Photographs, as well as to prevent their unauthorized exploitation by others.

18. The Photographer has obtained active and valid copyright registrations from the United States Copyright Office ("USCO") for the Photographs. The relevant registration certificates for the Photographs that have been the subject of Defendant's infringement are attached as Exhibit A.

19. The registrations are identified and associated with the appropriate Photographs in the table attached as Exhibit B.

20. In Exhibit B, Plaintiff has identified for each relevant Photograph that has been infringed by Defendant the following information: registration number, title, a specimen of the relevant media covered by the registration, the date of first publication of the registered Photograph, and the date the registration was issued.

21. All of the Photographs identified in Exhibit B, as discussed in more detail below, have been the object of copyright infringement perpetrated by Defendant.

**B.     Defendant's Infringing Activity**

22. Valnet describes itself as "The World's Greatest Media Investment Company" on its corporate website, www.valnetinc.com, and boasts of the number of daily visits to its Websites and of the number of video and social media subscribers its various Websites have. Defendant is responsible for the content on the Websites.

23. Defendant's primary business purpose is to generate advertising revenue, which in this case involves appropriating the Photographs (without a license, permission, or authorization from Great Bowery and without compensation to Great Bowery or the Photographer), to leverage the talent, creativity, and reputation of the Photographer in order to drive traffic to the Websites, thereby generating advertising revenue for Defendant. This practice is commonly known as 'click-baiting'. The Photographs, in this context, are the "bait."

24. On various dates before the filing of this Complaint, Defendant reproduced at least 40 of the Photographs multiple times across on the Websites without permission, license, or authorization of any kind (collectively, the "Infringing Images"). Examples of Defendant's publication of the Infringing Images are excerpted and displayed in Exhibit C to this Complaint which identifies the USCO Registration number for the relevant Photograph, a reproduction of the Photograph, and a re-produced screenshot of the Infringing Image shown on one of the Websites copying and re-publishing without permission the relevant Photograph.

5

25. Plaintiff first observed and actually discovered the Infringing Images on or about the date each screenshot was captured and as indicated in each line of Exhibit C.

26. Without permission or authorization from Plaintiff, Defendant intentionally copied displayed and/or published Plaintiff's copyright-protected Photographs on the Websites.

27. On information and belief, each of the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on the Photographer's copyrights in and to the Photographs.

28. The Infringing Images each include a URL for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. 17 U.S.C. §106(5).

29. The Infringing Images are all exact copies or derivative works of Plaintiff's original images that were directly copied, in whole or in part, and displayed by Defendant on the Websites.

30. On information and belief, Defendant takes an active and direct role in selecting the content posted on its Websites, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to the Photographs.

31. Defendant, at all times, as the owner and operator of the Websites, had it within its ability to limit, permit, prevent, stop, or otherwise control each of the Websites and those working on behalf of the Websites such that Defendant had control of whether or not the Infringing Images were published, copied, or otherwise disseminated on any of the Websites.

32. On information and belief, Defendant directly contributes to the content posted on the Websites by, inter alia, directly employing or soliciting content creators, reporters, authors and editors as its agents ("Agents").

33. On information and belief, at all material times the Agents were acting within the course and scope of their employment when they posted the Infringing Images.

34. On information and belief, at all material times the Agents were acting within the course and scope of their agency when they posted the Infringing Images.

35. On information and belief, Defendants willfully and intentionally posted the Infringing Images to the Websites.

36. On information and belief, the Infringing Images were not posted at the direction of a "user," as that term is defined in 17 U.S.C. §512(c), but were instead, published on the Websites through the Defendant's and its employees or Agents' direct actions and decisions to publish the Infringing Images.

37. On information and belief, Defendant knowingly and willfully participated in the decision to publish and/or permit publications of the Infringing Images. Defendant cannot claim that it was not aware of the infringing activities, including the specific instances of publication of the Infringing Images, because such a claim would indicate willful blindness on Defendants' part.

38. Defendant engaged in the infringing activity knowingly and in violation of applicable United States copyright laws.

39. Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right.

40. Defendant monitors the content on its Websites.

41. Great Bowery reserves its rights to amend this pleading to add further acts of infringement by Defendant, including infringement of additional works of the Photographer or other Photographers that Great Bowery represents.

42. The Infringing Images are direct copies of the Photographs in whole or in part. The Infringing Images were deliberately copied from the Photographer's websites or social media pages or from an authorized licensee's website, and used by Defendant for commercial gain. In doing so, Defendant has wrongfully misappropriated the Photographs, and infringed the valid copyrights in the Photographs, for its own economic gain.

43. Great Bowery and the Photographer do not know the full extent of Defendant's misuse of the Photographs, but Plaintiff has documented the publication of the Infringing Images on the Websites. The full use of the Photographs is within Defendant's knowledge.

44. Neither Great Bowery, nor the Photographer, have provided Defendant with authorization, license, or permission of any kind to reproduce the Photographs.

45. Further highlighting Defendant's willful and ongoing infringing behavior is that it has been put on notice of its unlawful conduct not just from Great Bowery in this matter, but also from othercopyright holders who have sued Defendant at least a dozen other times for copyright infringement.

46. On information and belief, Defendant has received a financial benefit directly attributable to the Infringing Images.

47. The Infringing Images increased traffic to the Websites and, in turn, caused Defendant to realize an increase in its revenues.

48. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Websites.

49. On information and belief, Defendant at all times had the ability to stop the reproduction and display of the copyright protected Photographs.

50. The Photographer created the Photographs with the intention of them being used commercially and for the purpose of display and/or public distribution.

51. Defendant's use of the Photographs harmed the actual market for the Photographs.

52. Defendant's use of the Photographs has harmed Plaintiff's potential market for the Photographs.

53. As a result of Defendant's misconduct, Plaintiff and the Photographer have been substantially harmed.

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

54. Great Bowery repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

55. The Photographs each are and include pictorial, graphical, and or textual works within the meaning of 17 U.S.C. §§ 101 and 102(a)(5).

56. The Photographs are each original, creative works of expression fixed in a tangible medium from which they can be perceived, and are subject to full production under the Copyright Act.

57. Great Bowery is the exclusive owner of the right to distribute, reproduce, and display the Photographs which are covered by the U.S. Copyright Office registrations of the Photographs.

58. The Photographs are properly registered with the USCO and the Photographer complied with all statutory formalities under the Copyright Act and under regulations published

by the USCO. Copies of the registrations certificates for each of the registered copyrights are attached hereto as Exhibit A.

59. Neither the Photographer nor Great Bowery has granted Defendant a license or the right to use the Photographs in any manner, nor have they assigned any of the exclusive rights in the copyrights to Defendant.

60. Without permission or authorization from the Photographer or Great Bowery and in willful violation of the Photographer's and Great Bowery's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, created derivative works thereof, and/or publicly displayed works copyrighted by the Photographer thereby violating at least one of Great Bowery's exclusive rights in the copyrights of the Photographs.

61. Defendants had full knowledge of the Photographer's rights in the works covered by the copyrights in the Photographs at the time they copied them.

62. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

63. On information and belief, Defendant's actions, taken without Great Bowery's authorization, permission, license, or consent, injures, or injured, Great Bowery's commercial interest in the reputation of the Photographs and/or reduced Great Bowery's ability to license the Photographs.

64. On information and belief, Defendant willfully infringed upon the copyrights in the Photographs by using, publishing, communicating, posting, publicizing, and otherwise holding out to the public for commercial benefit, the Photographer's original and unique Photographs without Great Bowery's consent or authority, by using them on the Websites.

65. Upon information and belief, Defendant has benefited from its infringement of the copyrights in the Photographs through the advertising revenue they generated through the Websites it owns and operates.

66. Defendant's wrongful actions continue to deprive Great Bowery of its rights and benefits in the copyrights to the Photographs, which include the exclusive right to use, reproduce, distribute, sell, and create derivative works using the designs protected by these copyrights.

67. Unless enjoined by the Court, Defendant will continue to wrongfully use and infringe on the copyrights to at least some of the Photographs by continuing to distribute and profit from the use of the Infringing Images on the Websites.

68. As the direct and proximate result of Defendant's infringement of the copyrights to the Photographs, Great Bowery has suffered, and will continue to suffer, monetary damages, and irreparable injury to its businesses, reputation, and goodwill through the harm this infringement has caused the Photographer.

69. As a result of Defendant's infringement, Great Bowery is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringing Images as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Great Bowery's election, an award for statutory damages against Defendant for each infringing activity pursuant to 17 U.S.C. § 504(c).

70. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

71.As a result of Defendant's violations of Title 17 of the U.S. Code, Great Bowery is entitled to injunctive relief to prevent or restrain infringements of the copyrights in the Photographs pursuant to 17 U.S.C. § 502.

**SECOND CLAIM FOR RELIEF**
**(Vicarious Copyright Infringements)**

72.Great Bowery repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

73.On information and belief, at all material times hereto, Defendant had the right and ability to supervise and/or control the infringing conduct of its employees, agents, members, and/or customers, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

74.As a result, in addition to or as an alternative to the direct liability outlined above, the Defendant is vicariously liable for the infringement alleged herein.

75.To the extent the Defendant is not directly liable for infringing the copyrights to the Photographs, it is vicariously liable.

76.For example, on information and belief, Defendant had the practical ability to police the images on the Websites when its Agents edited, modified and/or interacted with the Photographs, and therefore had the right and ability to supervise and control the use of the Infringing Images. Despite receiving notice from Plaintiff and other third parties of its unlawful conduct, as a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant's Agents have continued to infringe the copyrights in the Photographs, which in turn generates profits for Defendant directly from the use of the Infringements.

77. Defendant enjoyed a direct financial benefit from the use of the Infringing Images by its members, employees, and agents from, inter alia, advertising revenue from the increased traffic to its Websites.

78. On information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of the Photographs to increase user traffic to the Websites, thereby increasing advertising revenue.

79. Accordingly, Defendant is additionally liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it.

80. On information and belief, Defendant willfully vicariously infringed upon the copyrighted Photographs in violation of Title 17 of the U.S. Code.

81. As a result of Defendant's violations of Title 17 of the U.S. Code, Great Bowery is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringing conduct as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Great Bowery's election, an award for statutory damages against Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

82. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Great Bowery the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

83. As a result of Defendant's violations of Title 17 of the U.S. Code, Great Bowery is entitled to injunctive relief to prevent or restrain the infringement of the copyrighted Photographs pursuant to 17 U.S.C. § 502.

## **JURY DEMAND**

84. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Great Bowery respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Great Bowery's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Great Bowery's copyright interests in and to the Photographs by copying and displaying them without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringing activity as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Great Bowery's election, an award for statutory damages against each Defendant for each Infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Great Bowery's assigned works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

Dated:  February 11, 2025.                     DICKINSON WRIGHT PLLC

                                               By: */s/ David S. Becker*
                                               David S. Becker (NY Bar # 5649702)
                                               55 W. Monroe Street, Suite 1200
                                               Chicago, Illinois 60603
                                               dbecker@dickinsonwright.com
                                               Telephone: (312) 641-0060
                                               Fax: (844) 670-6009

John Pelosi (NY Bar # 2282333)
PELOSI WOLF SPATES LLP
50 Broad Street, Suite 1609
New York, New York 10004
Telephone: (212) 334-4801
Fax: (212) 571-9149

*Attorney for Plaintiff Great Bowery Inc., d/b/a "Trunk Archive"*

15